IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAMON ELLIOTT | * | |
| Petitioner | * | |
| v | * | Civil Action No. PJM-14-2732 |
| ERIC WILSON | * | |
| Respondent | * | |

*********************************************************************

| | | |
|---|---|---|
| DAMON ELLIOTT | * | |
| Petitioner | * | |
| v | * | Civil Action No. PJM-14-2742 |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

***

# MEMORANDUM OPINION

The above captioned cases concern Petitioner Damon Elliott's claims that his federal criminal conviction[1] is improper. The first petition filed by Elliott was for writ of habeas corpus pursuant to 28 U.S.C. §2241 wherein he claims that he is entitled to avail himself of the "savings clause" found in 28 U.S.C. §2255,[2] because he never got an unobstructed procedural shot at presenting his claims. *See* Civil Action PJM-14-2732 at pp. 1-2 . His claims are that the prosecution withheld material exculpatory scientific DNA evidence; exculpatory evidence was withheld in violation of *Brady v. Maryland*;[3] he is actually innocent of the offense; this court lacked jurisdiction over the criminal matter as there was a lack of proof the property where the offense occurred was owned by the federal government; and counsel was ineffective for failing

---

[1] Petitioner was convicted in this Court of aggravated sexual abuse in violation of 18 U.S.C. §2241 for which he was sentenced to 189 months incarceration on November 11, 1997. *See United States v. Elliott*, Crim. Case PJM-97-053 (D. Md.).

[2] 28 U.S.C. §2255 provides in relevant part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

[3] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

to raise these claims on appeal or to object appropriately at trial. *Id*. at pp. 2 -3. In the second petition, Petitioner seeks relief under 28 U.S.C. §1651 based on the identical claims raised in his §2241 Petition. *See* Civil Action PJM-14-2742. In light of the identical claims presented in the two petitions, the cases shall be consolidated for all purposes.

A writ of habeas corpus pursuant to 28 U.S.C. §2241 and a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 are separate and distinct mechanisms for obtaining post-conviction relief. A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. §2241(a). By contrast, a §2255 motion challenges the validity of a conviction or sentence, *see*, 332 *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (en banc). The United States Court of Appeals for the Fourth Circuit has held that §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

A review of the criminal case the petitions pertain to reveals Petitioner has filed numerous Motions to Vacate pursuant to 28 U.S.C. §2255 as well as other motions which also challenged the validity of this conviction and were construed as 2255 motions. In those Motions to Vacate, Petitioner raised claims similar, if not identical, to those raised in his most recent filings. Each of his successive motions were dismissed without prejudice with instructions that he must first obtain permission from the Fourth Circuit Court of Appeals to file a successive

writ; that authorization was never obtained.[4]  It is clear the instant petitions are additional attempts by Petitioner to escape the limitations on successive Motions to Vacate as each are challenges to the validity of his conviction based on assertions that do not fall within the ambit of the savings clause.

Moreover, Petitioner has not satisfied the standard for an actual innocence claim. In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court instructed that a federal habeas court faced with an actual innocence claim should not count unjustifiable delay as an absolute barrier to relief, but it should be weighed as a factor in determining whether actual innocence has been reliably established. *Id*. at 1935-36.  In addition, the Court cautioned that "tenable actual-innocence gateway claims are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. at 1928, quoting *Schlup*, 513 U.S. at 329.

The *Perkins* decision did not create a new right to habeas review, nor did it change existing law.  Rather, it simply clarified the "actual innocence" standard as a gateway to habeas corpus review.  "'To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson,* 523 U.S. 538, (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).   New evidence may consist of "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citation omitted).  The new evidence must be evaluated with any other admissible evidence of guilt. *See Wilson v. Greene*, 155 F.3d 396, 404-05 (4th Cir.), *appl. for stay and cert. denied sub. nom. Wilson v. Taylor*, 525

---

[4]  *See United States v. Elliott*, Crim. Case PJM-97-053 at ECF 112, pp. 1 – 2 (detailing Petitioner's successive challenges to the conviction and the Fourth Circuit's denial of authorization to file a successive application).

U.S. 1012 (1998). The new evidence must do more than undermine the finding of guilt; it must affirmatively demonstrate innocence. *See Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999). To invoke the actual innocence exception to the procedural default doctrine, a defendant "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327.

Petitioner has presented no new evidence of an exculpatory nature; rather, he has simply rehashed the same arguments previously rejected by this Court.[5]  Having failed to present any claim that with liberal construction would entitle Petitioner to review of his claims under 28 U.S.C. §2241, the motions shall be construed as successive 2255 Motions to Vacate and dismissed without prejudice by separate Order which follows.

September 3, 2014

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[5] In 2007 Petitioner filed as exhibits responses to a FOIA requests directed to the U.S. Department of Agriculture, each of which indicated that no blue prints could be located for "Building 022." *United States v. Elliott*, Crim Case PJM-97-053 at ECF 190 attachments 1 – 5; Civil Action JDB-06-240 at ECF 27.  These were presented by Petitioner to establish the offense did not take place on federal property.  *Id*.  Petitioner raises the same claim in the instant petitions.  The inability to locate blue prints for the building does not establish the property was not federally owned.

4